UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT SCHUSTER,

                Plaintiff,

v.                                          Civil Action No. _____

REGIONAL ADJUSTMENT BUEAU, INC.,

                Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Robert Schuster is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Regional Adjustment Bureau, Inc., (hereinafter "RAB") is a foreign business corporation organized and existing under the laws of the State of Tennessee and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred Citibank student loan debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. In or about 2009, Plaintiff filed for bankruptcy in which the alleged subject debt was included in this bankruptcy petition and subsequently discharged.

13. In or about April 2016, Defendant began calling Plaintiff on his cellular telephone multiple times per week in an attempt to collect on the subject debt.

14. On or about August 2016, Defendant contacted Plaintiff in regards to the subject debt. During this conversation, the Plaintiff explained that the alleged subject debt was included in his bankruptcy and he does not owe the debt. Defendant stated to the Plaintiff that they knew of the bankruptcy and that the debt was deferred. Defendant told Plaintiff that he still owes the alleged subject debt even though it was on his bankruptcy petition.

15. That on multiple occasions, Plaintiff requested that Defendant stop contacting him as he include the subject debt in his bankruptcy and therefore did not owe it.

16. That the Defendant sent the Plaintiff a letter dated August 26, 2016, demanding payment of the alleged subject debt.

17. That despite Plaintiff informing Defendant on multiple occasions that Plaintiff does not owe the subject debt, and requesting that Defendant stop calling Plaintiff's cellular telephone, Defendant has continued to call Plaintiff on his cellular telephone.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   a. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by continuing to attempt to collect a debt that Plaintiff does not owe, including sending correspondence addressed to the Plaintiff in an attempt to collect the subject debt and thereby falsely representing that the Plaintiff had an legal obligation for the alleged subject debt.

   b. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by calling excessively after Plaintiff told Defendant to stop calling him as he did not owe the debt.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 5, 2017

Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com

3